CASE 4—EJECTMENT—JUNE 12.

# Jones vs. McCauley's heirs.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. A settlement under the elder patent, even outside of the lap, extends the constructive possession over the entire lap, unless there was then an actual possession of it under the junior grant, or the occupancy under the elder grant was not intended to interfere with the lap.

2. And so, also, occupancy under a junior grant may constructively extend the possession over an adjoining tract, owned and used by the occupant; but, to be allowed to have this effect, there must be no adverse possession, either actual or constructive.

3. There can be no constructive possession of the same land by conflicting claimants. In the absence of any actual possession, if there be any constructive possession, it must necessarily be in the holder of the best title, unless he has renounced it.

4. One constructive possession cannot be ousted by another constructive possession, claimed under the inferior title.

5. Limitation will not run in favor of a mere constructive possession by the claimant under the junior patent, nor will an occasional trespass bar an action of ejectment. Limitation will not bar an ejectment unless the adverse possession has been not only actual, but so continued for twenty years as to have furnished a cause of action every day during that whole period.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellants, holding under Sprigg's patent, the elder of two conflicting patents, brought this action of ejectment against the appellees for land occupied by them in the lap and claimed under the junior grant; and, on a plea of the statute of limitations, verdict and judgment were rendered in bar of the action.

As there is no pretense of such "a settlement" as would limit the right of entry to seven years, the only question involving time is, whether an adverse possession *in fact* had continued for twenty years next preceding the year 1846, when the suit was commenced.

The ancestor of the appellees, holding three patents, all younger than that under which the appellants claim, settled, before the year 1800, on one of the tracts containing four hundred acres adjoining one of the others, containing five

hundred and sixty acres, and including the land in contest; and that possession had been continued to the time of the trial. The ancestor of the appellants had also, at an early day, settled outside of the Sprigg tract; and, before the year 1833, he had extended the actual inclosure of his homestead so as to include a portion of the land covered by his elder patent. Before that time; also, the occupant of the four hundred-acre tract had occasionally used wood and timber off the five hundred and sixty-acre tract; and, about that time, had built on it, within the interference, a small cabin, which, after a short occupancy, was evacuated and permitted to rot or tumble down. This being the essential and indisputable effect of the testimony, we are of the opinion that it fails to prove an actual possession, adverse and continuous, for twenty years preceding the institution of this suit.

A settlement under the elder patent, even outside of the lap, extended the constructive possession over the entire lap, unless there was then an actual possession of it under the junior grant, or unless the entry or occupancy under the elder patent was not intended to interfere with the lap; and so, also, occupancy under a junior grant may, constructively, extend the possession over an adjoining tract, owned and used by the occupant; but, to be allowed to have this effect, there must be no adverse possession, either actual or constructive.

There can be no constructive possession of the same land by conflicting claimants. In the absence of any actual possession, if there be any constructive possession, it must necessarily be in the holder of the best title, unless he had renounced it. And his constructive possession can never be ousted by any constructive possession claimed under the inferior title; nothing short of renunciation or actual disseisin can evict him.

Nor will the statute of limitations run in favor of a mere constructive possession by the claimant under a junior patent; such ideal possession can not be either wrongful or hurtful to the holder of the elder grant, and, *per se*, could not give him any cause of action. Nor would a mere trespass, in cutting or removing wood or timber, authorize an action of ejectment.

Such wrongs do not in law give actual possession of the land nor amount to an eviction.

The law of limitation, being reasonable and founded on principle, does not allow the statute to run when there is no cause of action; and, therefore, to bar an ejectment by time, the adverse possession must have been not only actual, but so continued for twenty years as to have furnished a cause of action every day during that whole period, and, consequently, as conclusively and consistently adjudged, claim of title, however notorious, and occasional use under that claim, without actual possession, continued without intermission or interruption for twenty years, will not bar an adverse right of entry.

It does not become material now to consider the actual possession of the lap under the elder patent, because, without it, a statutory bar is not sufficiently established. Such seems to be this case, as now presented by the record. And we do not see enough to have authorized the jury to look at it in any other light.

But the verdict may be accounted for by an error in two instructions, numbers six and seven. The sixth was altogether inconsistent with some of the foregoing principles and with previous instructions; and the seventh was misleading.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, on which much of the testimony on the former trial, being superfluous, impertinent, and delusive, ought to be pretermitted.