## B. P. Jones & Company v. Cash.

### (Decided December 17, 1920.)

## Appeal from Lincoln Circuit Court.

1. Vendor and Purchaser—Bonds for Title.—A title bond is a contract to convey and can not take the place of a recorded deed, and while it is insufficient to pass a legal title it gives to the holder an equitable right superior to the claim of title on the part of a subsequent purchaser with notice.

2. Vendor and Purchaser—Bonds for Title.—Actual possession of land under a title bond is notice to would be purchasers of the fact that the possessor who claims to own it has an interest in the property.

3. Vendor and Purchaser—Bonds for Title.—A subsequent purchaser with actual notice of the claim of one in possession under a title bond takes subject to the rights of such possessor.

LEWIS L. WALKER and GEO. D. FLORENCE for appellant.

J. B. PAXTON for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Asserting his ownership and right to the possession of a parcel of land containing a livery stable in the town of McKinney, Kentucky, appellant, B. P. Jones, under the name of Jones & Company, instituted this suit to quiet his title to said property which he acquired by deed dated April 20, 1918, from D. S. Riffe and wife. It is alleged appellee was wrongfully claiming title to the property under a title bond from Riffe and wife, executed in January, 1918, which the court is asked to cancel. The title bond to Cash was never put to record and appellant says he had no knowledge of the existence of same prior to the time he purchased the land, and furthermore that

at the time of his purchase appellee informed him he had no claim to said property after January 1, 1919.

Appellee relies upon two writings, one dated January 10, 1918, the other January 16, 1918, the latter being merely a confirmation of a prior sale evidenced by the earlier paper, the payment of the consideration by agreement to be deferred until a flaw in the title was removed. Appellee was given the right to collect rents from the property accruing after January 1, 1918, and he alleges he took possession of the property immediately upon the execution of the instruments aforesaid, and has been in possession continuously since said date. The answer was made a cross-petition with the prayer that the deed to appellant be cancelled and Riffe or the commissioner be directed to convey the property to appellee.

Since no question is raised as to the validity of the title bond relied upon by appellee it becomes necessary for us to consider only whether Jones had actual notice of its execution at the time he purchased the property

A title bond is a contract to convey and while it can not take the place of a recorded deed, and is insufficient to pass a legal title, it gives to the holder an equitable right superior to the claim of title on the part of a subsequent purchaser with notice. McGuire, etc. v. Whitt, 25 Rep. 2275, 80 S. W. 474; Farmer v. Cornett, 174 Ky. 560, 192 S. W. 628, 39 Cyc. 1231.

If, therefore, appellant had notice of the execution of the title bond at the time of his purchase the claim of appellee is superior and the court properly dismissed the petition.

Several witnesses testify appellant knew of the existence of the title bond and that he commented upon the purchase of this lot by Cash and asked what he was going to do with the barn. This is denied by Jones. It is also in evidence that some time after Cash took possession Jones wanted to put some of his stock in the barn and he was told if he did so he would have to pay rent like every one else did. When the rent was due in January, Jones was informed that his stock would be turned out if it was not paid. Failing to pay the rent his stock was turned loose, seemingly without protest or complaint on his part.

Jones said he did not return his stock to the stable because he did not want to get into a controversy. As a general proposition when a person is in possession of land under an unrecorded agreement with the owner for

its purchase his possession is sufficient notice to put others on inquiry, and if they purchase the land from the owner the contract of purchase may be enforced against them. Devlin on Deeds, sec. 760.

In Everidge v. Martin, 164 Ky. 497, 175 S. W. 1004, we said:

"Actual possession of land under an executory contract of purchase is always notice to would be purchasers of the fact, that the possessor, who claims to own it, has an interest in the property."

In the instant case not only was Cash in possession but there is proof that Jones had actual notice of his purchase or interest in the property, hence he, Jones, was clearly a purchaser with notice and as such took subject to the superior rights of Cash.

The weight of the evidence supports the findings of the chancellor. The chancellor ordered the deed to Jones cancelled and directed the commissioner to make a deed to Cash. Riffe, the grantor, died during the pendency of the suit. Cash was further directed to pay Jones whatever sum he had expended in attempting to purchase the property and for any notes he may have executed on account thereof, not exceeding the sum of $400.00, with interest from January 10, 1918, this being the amount and date of the purchase by Cash.

Satisfied as we are that the conclusion reached by the chancellor is correct it follows that the judgment appealed from must be and is accordingly affirmed.