## Wheeler v. Gahan.

(Decided December 19, 1924.)

### Appeal from Kenton Circuit Court.

1. Vendor and Purchaser—Contract Passes Beneficial Interest to Purchaser—Purchaser Sustains Any Loss to Premises Between Execution and Completion.—Equity generally regards contract of sale as immediately passing beneficial interest to purchaser, and lays upon him any loss which may occur to premises between execution and completion of such contract; the test being whether contract operated to pass equitable or beneficial interest.

2. Specific Performance—Purchaser May Require Conveyance of Interest Less than Whole by Payment of Proportionate Part.—If a vendor is unable to perform his entire agreement and can convey only an undivided interest in land, he may be compelled to convey that interest, upon payment or tender by purchaser of proportionate part of contract price.

3. Specific Performance—Not Decreed with Abatement for Loss, where Building Destroyed by Fire Between Exercise of Option and Action Brought.—Where principal part of property was destroyed by fire between lessee's notification to lessor that he would exercise option to purchase and bringing of action for specific performance, held specific performance with abatement of price commensurate with loss would not be decreed.

S. D. ROUSE and B. J. KING for appellant.

STEPHENS L. BLAKELY and JOHN L. KLETTE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

This action for specific performance of a contract for the purchase of real property, near Covington, was

commenced in the Kenton circuit court by appellee Gahan, the purchaser, against Mrs. Wheeler, the owner, to require her to convey to him a certain house, grounds and improvements known as "Cedars," mentioned and described in the contract, at the consideration of $12,-000.00, subject to an abatement in price commensurate with the loss sustained by fire after the making of the contract but before the owner conveyed the property to the purchaser.

. Appellee Gahan was operating the road house under a lease contract assigned to him by one Hickman, to which assignment Mrs. Wheeler, the owner, gave her consent. The lease contract, which was in writing, contained an option agreement whereby the lessee had the right, during the term of the lease or renewal thereof, to purchase the property at the price of $12,000.00. After operating the place for some months and making extensive improvements on the buildings, appellee Gahan called upon the owner, Mrs. Wheeler, and announced that he could and then did exercise his option to purchase the property and asked her to prepare a deed in accordance with the contract and have it ready by a certain time in the immediate future, and informed her that he had made arrangements to obtain the money with which to pay the purchase price and would be ready to take over the property. Mrs. Wheeler acknowldeged the right of appellee to purchase the property at the price of $12,000.00, but insisted that the fixtures in the building were not included in the contract, and that appellant would have to buy and pay for those things in addition to the real estate. This he declined to do. While matters were in this situation fire broke out and destroyed the road house and nearly all improvements. Mrs. Wheeler collected the insurance amounting to $10,000.00 or more. This suit was then commenced by appellee Gahan against Mrs. Wheeler for specific performance of the contract with abatement of price. After hearing, the court decided that appellee Gahan was entitled to take the property under the contract with abatement of price, and so adjudged. It is from that judgment this appeal is prosecuted.

Having arrived at the conclusion that the judgment must be reversed upon the merits, we will refrain from a discussion of certain preliminary questions made by appellant. For the purposes of this opinion it may be con-

ceded that appellee Gahan as assignee of Hickman, had
an enforceable option contract and had elected to exer-
cise his option by purchasing the property and had so
notified appellant and had demanded a deed and ten-
dered and offered to pay the purchase price, but before
the conveyance could be effected fire destroyed the build-
ings.

With these facts assumed, the question is, may a
vendee in such a situation have specific performance of
a contract with suitable abatement of price after fire has
swept away and destroyed all improvements on the
ground, leaving none of the subject of the contract save
the land? The courts are not in harmony upon this ques-
tion. Those of Massachussetts, South Carolina, Georgia
and some other states hold that a vendee cannot have
specific performance where the improvements, the prin-
cipal part of the real property, have been destroyed by
fire. The courts of Illinois and some others, on like
facts, hold that the vendee may have specific perform-
ance. Equity generally regards a contract of sale as im-
mediately passing the beneficial interest in the property
to the vendee, and lays upon him any loss that may occur
to the premises between the execution of such contract
and its consummation. The test is whether the terms of
the contract operated to pass the equitable or beneficial
ownership to the vendee; if they did, the loss is his; if
they did not, the loss falls upon the vendor. It is said in
25 R. C. L. 246, that it is a general principle of law that
where from the nature of the contract it appears that
the parties must have contemplated the continued exist-
ence of some particular thing as the foundation of what
was to be done, then, in the absence of any warranty
that the thing shall exist, the contract is to be construed,
not as a positive contract, but as subject to an implied
condition that the parties shall be excused in case, before
breach, performance becomes impossible from the acci-
dental perishing of the thing to be sold without the fault
of either party. Hawkes v. Kehoe, 193 Mass. 419, 10 L.
R. A. (N. S.) 125; 6 R. C. L. 1005; Wilson v. Clark, 60 N.
H. 352.

Pursuant to this line of cases specific performance
has been refused in cases of contract to purchase real
estate, with buildings located thereon, where, before the
time for performance arrives, the buildings were de-
stroyed by fire. Good v. Jarrard, 93 S. C. 229; 43 L. R. A.

(N. S.) 383; Phinizy v. Guernsey, 111 Ga. 346; 78 A. S. R. 207.

Lord Eldon in an early English case, Mortlock v. Buller (10 Ves. Jr. 315), stated the rule in these words:

> "If a man having partial interest in an estate chooses to enter into a contract representing it, and agreeing to sell it, as his own, it is not competent to him afterwards to say, though he has valuable interests, he has not the entirety; and therefore the purchaser shall not have the benefit of his contract. For the purpose of this jurisdiction, the person contracting under those circumstances is bound to take as much as he can have, he has a right to that and to an abatement; and the court will not hear the objection, by the vendor, that the purchaser cannot have the whole."

However, it was held in Gamble v. Garlock, 116 Minn. 59, that a lessee of property who has a written option from the lessor, granting to him the privilege, upon written acceptance before a certain date, of purchasing the property for a certain amount, cannot, after a fire has destroyed part of the property, have specific performance against the lessor, with a deduction from the purchase price named in the option of the value of the property lost. Such an option is unilateral and confers a privilege with reference to the premises as they existed at the time the offer was made; it does not contemplate that a fire may occur and that the offer shall still hold good, subject to adjustment of damages.

There is no doubt of the soundness of the rule that, if a vendor is unable to perform the entire agreement, and can convey only an undivided one-half of the land, he may be compelled to convey that interest; and that, to entitle the vendee to that relief, it is necessary for him to pay or tender as the purchase money, only one-half of the contract price. Marshall v. Caldwell, 41 California 611.

In enforcing the specific performance in the case of Hunt v. Smith, 139 Ill. 296, in substance it was held that to allow the purchaser a rebate for deficiency in acreage of land was not open to the charge of making and enforcing a new and different contract from that entered into by the parties themselves.

We have many cases to the same effect, among them being: McConnell v. Dunlap, Hardin (Ky.) 41; Jones v. Shackelford, 2 Bibb 410; Rankin v. Maxwell, 2 A. K. Mar. 488; Spalding v. Alexander, 6 Bush 160. The editor of L. R. A., often collecting and classifying the cases on the subject, says in a note to Hawkes v. Kehoe, *supra*:

> " It would seem that the same reasoning which has led to the unanimity of authorities in upholding the rule discussed in the note to Eppstein v. Kuhn, *ante* 117, that a vendee of real estate is entitled to specific performance with an abatement of the purchase price where the vendor is unable to make a perfect title, or to convey the whole of the land which he contracted to sell, would also lead to the conclusion that a vendee would be entitled to the same relief where the buildings situated upon the land contracted to be sold were destroyed, in cases where such a loss is held to fall upon the vendor. The scarcity of cases in which that precise question was presented to the court for adjudication is probably due to the equitable rule which throws the loss on the vendee as the owner of the property. The few cases that have been found are opposed to Hawkes v. Kehoe, and assert the right of a vendee to such relief under such circumstances."

In Phinizy v. Guernsey, 111 Ga. 346, it was in substance held that the doctrine of specific performance, with compensation for defects in title, or deficiency in quantity or quality of estate, was thoroughly established, and it was only in rare cases where such relief would be refused at the suit of the vendee. The court was also of the opinion that there was no good reason why the principle should not be applicable where the inability of the vendor to convey a part of that which his contract stipulated for arose subsequently to the making of the contract, through no fault of either party, the mere fact that the vendor was himself without fault not being an obstacle which would prevent the application of the rule. Requiring a vendor to pay damages to his vendee for a failure to convey property, which, subsequently to the execution of the contract of sale, was destroyed by fire, is no greater hardship than requiring a vendor to pay damages on account of his having ignorantly, though honestly, and after the exercise of all possible diligence,

bargained away something which he did not own, but which he believed was his own. The court in that case observed that he should be required to pay damages in the former case, no one will doubt; that he should be in the former case, ought not, it would seem, to be questioned, upon principle. We have no hesitance in holding that the vendee, in a case like the present, is entitled to have a conveyance made to him of the land and compensation for the loss of the building, provided the loss thus sustained is capable of computation.

The principal part of the property contracted to be sold by Mrs. Wheeler to appellee Gahan passed out of existence between the time of the making of the contract and the bringing of the action for specific performance, thus so changing the situation of the parties that it can not be presumed or said, in the absence of evidence, that the parties would have contracted for the remnant of the property, with an abatement of purchase price, had they anticipated fire loss, or would have agreed to take or convey the property with such improvements removed upon the basis of an abatement in price. To require specific performance under such changed conditions, not brought about by either party, is to make for the parties a new contract—one not contemplated in their original negotiations. For these reasons we are of opinion that appellee was not entitled to specific performance of the contract and that the chancellor erred in holding otherwise.

Judgment reversed for proceedings consistent herewith.

Judgment reversed. Whole court sitting.