## Martin Grocery Company v. E. Meng Company.

(Decided January 19, 1926.)

### Appeal from Allen Circuit Court.

Vendor and Purchaser—Loss of House by Fire Before Payment of Debts by Seller of Grocery Stock, in Part Payment for which House was to be Conveyed After Payment of Such Debts, Falls on Buyer.—Where seller of gocery stock had not paid all debts against it at time of fire, which destroyed house to be conveyed in part payment of purchase price after payment of such debts, title to house had not passed and loss must fall on buyer.

GOAD & GOAD for appellant.

THURMAN DIXON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

George L. Martin, operating under the firm name of Martin Grocery Company, in Scottsville, in June, 1921, sold his entire retail grocery stock to appellee, E. Meng, operating under the firm name of E. Meng & Company, for the invoice price found to be $5,116.55. The grocery

store with equipment was turned over to appellee, Meng, and he began to operate it. The contract, which was in writing and signed by the parties, in part reads:

"Witnesseth: That the first party has sold to second party his entire stock of goods, fixtures and equipment as shown by invoice of said property, copy of which is attached hereto as a part hereof.

"The invoice price of said stock is $5,116.55, and there are certain debts against said first party which, according to a statement made by the said George L. Martin, amounts to the sum of $1,964.58, and there are certain outstanding checks that have been given for accounts that have not been paid, and the first party agrees to clear all debts against said property, or that might be against said property.

"And for said property the second party agrees to pay the first party the said sum of $5,116.55, $2,500.00 thereof to be paid in a house and lot in Scottsville, Ky., to be conveyed to the said George L. Martin when all of said debts have been cleared, and the balance to be paid in cash.

"First party also assigns to second party the rent contract that it has with R. E. Wilson & Company for the premises occupied by it, and the second party contracts and relieves the first party of any further responsibility by reason thereof."

Immediately after the sale Martin began to pay up debts in accordance with the terms of the contract and expended something like $2,000.00 in so doing. Appellee, Meng, also paid some accounts against the store which it was the duty of appellant, Martin, to pay. Martin demanded of Meng the amount he had thus paid, but received no definite answer and the matter drifted along. The house and lot in Scottsville which Meng was to convey to Martin in payment of $2,500.00 on the price of the grocery was not conveyed but appears to have remained in the possession of Meng, he collecting the rents and applying them to his own purposes. With matters in this condition fire destroyed the house on the lot, and this suit was instituted by Martin against Meng to recover $2,500.00, with interest, in lieu of the house and lot. Meng defended asserting that appellant, Martin, must take and accept the lot which was the only part of the property left in lieu of the whole property which was

contracted to be conveyed at the price of $2,500.00, it being appellee's contention that the contract copied above amounted to a title bond investing, at least, the equitable title of the house and lot in Martin, and it being the rule that the owner of the legal or equitable title to such property must suffer the loss where fire destroys or impairs it, as in this case, Martin must suffer the loss. 25 R. C. L. 246; Wheeler v. Gahn, 206 Ky. 366; Home Insurance Company v. Wilson, 210 Ky. 237.

Appellant, Martin, insists that no title to the house and lot had passed from Meng to him previous to the fire; that Meng continued to hold possession of the house by his tenant and to collect the rents and to convert them to his own use, thus indicating that he was the holder of the title to the house and lot at the time of the fire. The gist of the contract was the sale of the stock of groceries by Martin to Meng for $5,116.55, Martin agreeing to pay all debts against the stock. Martin, however, was to accept the house and lot in Scottsville at the price of $2,500.00 as part payment for the stock of groceries, but the conveyance was not to be made until Martin had paid all the debts against the stock. He had not paid all the debts at the time of the fire, and was not, therefore, entitled to a conveyance of the house and lot. If Martin had failed to pay any part of the outstanding indebtedness he would not have been entitled to the conveyance of the lot in any event; or, suppose that the outstanding indebtedness against the stock of groceries had equalled the purchase price, $5,116.55, and Martin had failed to pay the indebtedness, or any material part of it, and Meng had paid the same, as he would have had to do in order to protect the stock, there would have been nothing due Martin and Martin could not have compelled Meng to convey him the house and lot, which were valued at $2,500.00. Reasoning thus we see that the title to the house and lot had not passed from Meng to Martin and was not to pass until all the debts against the stock of groceries had been satisfied by Martin. As the title to the house and lot had not passed from Meng to Martin, the loss occasioned by the fire must fall upon Meng, the holder of the title to the real property, and in whose name the fire insurance stood. The trial court having reached a different conclusion its judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.