## Benjamin v. Dinwiddie.

(Decided October 30, 1928.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Vendor and Purchaser.—Purchaser under contract to purchase realty acquired vested title to realty superior to claims of all others having notice, and in law was owner of property, subject to liability for unpaid purchase price to vendor holding legal title in trust for purchaser as security for payment of consideration.

2. Specific Performance.—Purchaser's rights under contract to purchase realty might be enforced in suit for specific performance and were proper subject of bargain and sale.

3. Frauds, Statute of.—Transfer of title acquired under contract to purchase realty does not require formal writing, but may be evidenced by memorandum evidencing assignment and signed by party to be charged.

4. Frauds, Statute of.—Letter, by attorney for purchaser under contract to purchase realty, accepting defendant's verbal offer to take over contract for specific amount, held sufficient to transfer right under contract under Statute of Frauds (Ky. Stats., sec. 470.)

5. Frauds, Statute of.—Where attorney for purchaser under contract to purchase realty accepted defendant's offer to take over contract, it was not required that attorney should have written authority from his principal, but transfer was enforceable if agent signed writing for and in behalf of his principal.

6. Frauds, Statute of.—In transfer of purchaser's rights under contract to purchase realty, it was not necessary that transferee should have signed any writing evidencing purchase under Statute of Frauds (Ky. Stats., sec. 470) since only vendor of realty is party to be charged under such circumstances.

7. Specific Performance.—Where original vendor under contract to purchase realty was notified of contract of sale by purchaser of his interest in property to defendant, vendor held legal title subject to equitable estate acquired by defendant, who could have successfully maintained suit for specific performance against vendor.

8. Deeds.—Where original vendor executed contract of deed to wife of transferee of purchaser's interest under contract to purchase

pursuant to agreement between purchaser and transferee, purchaser could maintain action against transferee on agreement transferring interest, regardless of whether negotiations therefor were of binding effect, since they were merged in executed contract and could no longer be questioned.

LAWRENCE S. GRAUMAN for appellant.

O'NEAL & O'NEAL and HENRY J. TILFORD for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

The appellant, Louis Benjamin, had a valid contract to purchase of Philip Sengel certain property in the city of Louisville for $12,500 cash. Thereafter the appellee, Clarence Dinwiddie, made a verbal offer to take over his contract and pay him $750 therefor, which offer was accepted by Benjamin by a letter of his attorney to Dinwiddie's agent. Subsequently a deed to the property was made by Sengel in accordance with the terms of the two agreements, appellee causing it to be made to his wife. Dinwiddie refused to pay the $750, and Benjamin filed suit to recover that sum, alleging the foregoing facts, but in more detail. A demurrer was sustained to the petition, and, the plaintiff declining to plead further, his petition was dismissed, from which judgment he prosecutes this appeal.

It appears in the record that the action of the learned trial court was on the idea that Benjamin had nothing to sell and that Dinwiddie, under his contract with the former, could not have sued and recovered anything acquired thereunder; that it was necessary for Benjamin to have assigned or transferred his contract, and this was not done or even tendered. We think the court misconceived the law applicable to the facts alleged.

1. No question is raised as to the validity of appellant's contract with Sengel. Under it he had acquired a valuable interest in the real estate involved, namely, a vested, equitable title thereto. While Benjamin's title bond could not take the place of a deed, and was insufficient to vest in him the legal title, it did give him an equitable right superior to the claims of all others having notice. Jones & Co. v. Cash, 190 Ky. 97, 226 S. W. 352. He was regarded in law as the owner of property subject to his liability for the unpaid purchase price; his vendor, Sengel, holding the legal title in trust for him and as security for the payment of the agreed consideration. 27

R. C. L. 464; 39 Cyc. 1612; Wheeler v. Gahan, 206 Ky. 366, 267 S. W. 227. Appellant's rights in the property were such as might have been enforced in a suit for specific performance (Wren v. Cooksey, 147 Ky. 825, 145 S. W. 1116), and were a proper subject of bargain and sale.

2. Counsel for appellee cite several cases in support of the court's ruling that title acquired under a contract such as this can only be transferred or vested in another by a written instrument duly signed and delivered. There can be no doubt of the correctness of the statement of law, but in each case referred to there was an absence of any sort of written assignment. No formal writing or other particular formality is required; it is sufficient if there is any memorandum evidencing such assignment signed by the party to be charged. The letter addressed to appellee's agent and signed by the appellant's agent was sufficient. It was not required that the latter should have had written authority from his principal, as it is enforceable if the agent signed the writing for and in behalf of his principal, as appears was done in this record. Benjamin through his agent therefore bound himself in writing to convey his equitable interest in the property to Dinwiddie in consideration of $750. Neither was it necessary that the latter should have signed any writing evidencing the purchase, as the decisions of this court have been uniform in holding that under our Statute of Frauds (Ky. Stats., sec 470) it is only the vendor of real estate who is the party to be charged in circumstances like these. Wren v. Cooksey, supra; Kash v. United Star Oil Co., 192 Ky. 422, 233 S. W. 898:

3. It is averred in the petition that Sengel was notified of the contract of sale by Benjamin of his interest in the property to Dinwiddie. Under the law, Sengel then held the legal title subject to the equitable estate thus acquired by Dinwiddie, and the latter might also have successfully maintained a suit for specific performance against him. Speiss v. Martin, 192 Ky. 211, 232 S. W. 615; Asher v. Roberts, 206 Ky. 186, 266 S. W. 1089.

4. Moreover, as the record now stands, it is admitted that pursuant to the contracts set up a deed of conveyance was made by Sengel to Dinwiddie's wife at the instance of appellant and appellee. His counsel assert the averments of this fact are insufficient, but we do not so regard them. So under this plea the action was maintainable, no matter how the negotiations and contract between appellant and appellee might be regarded as to

their binding effect. They were merged in the executed contract and could no longer be questioned.

The judgment is therefore reversed, with directions to overrule the demurrer to the petition as amended.