## Gossage v. Waddle et al.

(Decided June 21, 1929.)

149

E. BERTRAM for appellant.

J. M. KENNEDY for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

The appellees George Waddle and others, as partners using the firm name of Somerset Realty Company, were employed by John W. Ramsey to sell at public auction his farm in Wayne county. At a sale held in September, 1927, the appellant, Gossage, as the highest bidder, became the purchaser for $8,000. According to the terms of sale he paid on that day 10 per cent. of the purchase price, to wit, $800, giving his check for that sum to the agents, who indorsed and delivered it to Ramsey, the owner. The latter paid the real estate commissions of 5 per cent., partly in cash (the proceeds of some personal property), and his individual check.

The appellant claims that it was announced at the sale that the purchaser might assume a mortgage indebtedness to the Union Central Life Insurance Company for $7,000 and give notes for the balance, or that he might pay cash for the entire purchase price. A memorandum evidencing the sale was promptly signed by the appellant and the auctioneer, appellee Cates. While the instrument is not in the record, it was filed with a deposition

and appears to have contained the stipulation that the purchaser should assume the payment of the insurance company's debt. It was agreed that the vendor and vendee would meet a few days later for the execution and delivery of a deed. It appears, however, that the aggregate liens on the property were in excess of $7,200, the balance of the purchase price, and that Ramsey was not able to secure a release of the liens or to convey a clear title to the property, so that the deed was never made. About a month afterward Ramsey was adjudicated a bankrupt. The trustee released all claims to the land because its value was less than the liens.

This suit was instituted by appellant, Gossage, against Ramsey, the owner, the real estate agents, and the auctioneer, to recover the $800 paid on the day of sale. Lienholders were made parties to the suit. Judgment was awarded against Ramsey, and the plaintiff was given a lien on the property to secure its payment, subject to the satisfaction of the taxes and mortgages of the Union Central Life Insurance Company. The petition as against the real estate agents and the auctioneer was dismissed, and the appeal is prosecuted from that portion of the judgment.

The appellant rests his claim of right to recover the $800 paid by him on the rule that, when the purchaser at an auction sale places a sum of money with the auctioneer as a deposit or guaranty to secure the trade and the trade is not consummated without fault of the purchaser, he may recover that which was so paid. In such state of case the auctioneer, as the agent of both parties, is but a stakeholder, and is responsible as such. Noble v. Clark, 214 Ky. 569, 283 S. W. 975; 6 C. J. 833; 2 R. C. L. 1153. But the sum paid by the appellant was not a temporary deposit of the nature of a trust fund in the hands of the agents or auctioneer, or an earnest to be forfeited upon failure on his part to comply with the terms of the contract. It was clearly a payment of 10 per cent. of the purchase price according to the advertisement and terms of sale. It did become a trust in the hands of the owner, to secure which appellant had an equitable lien on the land. Benjamin v. Dinwiddie, 226 Ky. 106, 10 S. W. (2d) 620; Larson v. Metcalf, 201 Iowa, 1208, 207 N. W. 382, 45 A. L. R. 344. True, the check was payable to the agents, who received it for their principal. It was, however, immediately indorsed and transferred to the principal, and their compensation was paid out of

other funds. The uniform general rule, as stated in Robenson v. Yann, 224 Ky. 56, 5 S. W. (2d) 271, is:

"That a payment properly made to an agent for a known principal, in pursuance of a valid authority, and without fraud, duress, or mistake, may not be recovered from the agent. The remedy, in the event recovery of the money becomes available, is against the principal."

There is nothing to take this case out of the general rule or to bring it within the law respecting a recovery of a deposit with an auctioneer. Under the authority of Noble v. Clark, and Robenson v. Yann, supra, the court properly held that appellant cannot recover judgment against the agents or auctioneer.

Wherefore the judgment is affirmed.