## McKinney v. Isaacs.

Feb. 20, 1945.

J. R. Llewellyn for appellant.
Allen Harrison for appellee.

OPINION OF THE COURT BY JUDGE. HARRIS—Reversing.

On September 8, 1896, one George Morris conveyed to Rachel McKinney 38 acres of land of which, on March 18, 1940, Mrs. McKinney conveyed approximately 15 acres to her son, Jake McKinney. On June 9, 1903, Mr. Morris having died, his widow and heirs conveyed to Elihu Lakes a 150-acre tract which included the 38 acres just mentioned. Then on November 21, 1940, which was shortly prior to his death, Mr. Lakes conveyed to his daughter, Julia Isaacs, a tract of 120 acres, the description of which also embraced the above mentioned 38 acres which had been conveyed to Mrs. McKinney, whose deed had not yet been recorded. In 1942 Mrs. Isaacs filed her petition in the present action—which was instituted and without objection has been practiced as one in equity—seeking a cancellation of the McKinney deeds, a quieting of her title, and all proper relief. By answer and counterclaim the McKinneys traversed and plead both paper and prescriptive title and also that they were in actual adverse possession at the times and on the occasions mentioned in the plaintiff's petition, and they closed their pleading with a prayer that Mrs. Isaacs' petition be dismissed and that their title be quieted. During the progress of the case it was disclosed that before making the deed to her son, Mrs. McKinney had conveyed all the remainder of the 38 acres to Mrs. Isaacs and to one Dan Moore, who was not a party to the suit. Under those circumstances the action narrowed itself to a contest between Mrs. Isaacs and Jacob McKinney with respect to the title to and to ownership of the 15-acre tract. Upon submission of the case the chancellor found in favor of Mrs. Isaacs and adjudged that her title be quieted. Being dissatisfied with that judgment, Jacob McKinney has appealed.

It is the contention of the appellee that neither Mrs. McKinney nor the appellant was ever in possession; that she and her father acquired their deeds in good faith and without knowledge or notice of the Morris-McKinney deed; and that the finding of the chancellor should be affirmed. It is the contention of the appellant that his mother took possession of the whole of the 38-acre tract immediately following receipt of her deed in 1896, and that without interruption she continued actively and openly in possession of same, of all which the appellant and her father had both constructive and actual notice at all times.

To sustain her case the appellee and her witnesses simply testified that the calls in her deed and in her father's deed embraced the land in controversy; that her father paid taxes on it and claimed it. Her proof did not show any cultivation, or grazing, or fencing, or any open or affirmative act or evidence of ownership, or of possession, or of claim of title, except that many years prior to the date of her deed her father undertook to sell some of the timber to a lumber company which removed a few of the trees and left its brand on a few others.

The testimony of the appellant and his witnesses, which is practically without contradiction, is more affirmative and conclusive. Briefly it is this: Mrs. McKinney was living on an adjoining tract at the time of her purchase and she has continued to live there ever since; one of her sons assisted her grantor in establishing the boundary line, which is the one described in her deed and contended for in this action, and it is the same line that Mr. Lakes assisted one of her sons in identifying when the latter was doing some fencing thereon for her; some 20 or 25 years ago she erected a barn, partly on the land on which she lives and partly on the tract in dispute, out of logs which she had purchased from Mr. Lakes for that purpose; shortly following her purchase she cleared and fenced most of the tract and has cultivated some portions of it—particularly within the 15 acres conveyed to Jake—each year ever since; she has been in actual possession, paying the taxes and claiming and exercising ownership continuously since 1896, and neither Mr. Lakes nor Mrs. Isaacs made any claims inconsistent therewith until about 1940.

The evidence being undisputed that Mrs. McKinney was occupying and living upon the adjoining tract at the time she received her deed, which was before Mr. Lakes received his, it follows as a matter of law that the delivery of the deed to Mrs. McKinney had the effect of placing her in constructive, actual possession of the entire boundary as therein described, Everidge v. Martin, 164 Ky. 497, 175 S. W. 1004, and of constituting sufficient notice to put Mr. Lakes on inquiry, even though her deed was not of record. B. P. Jones & Co. v. Cash, 190 Ky. 96, 226 S. W. 352, and authorities therein cited. And her conduct and claims thereafter, as shown by the testimony, were such that as a matter of law she must

be considered as having been actually in possession of the entire tract at all times from the date of the receipt of her deed until she conveyed the 15-acre tract to the appellant, who succeeded to her title, possession, and rights. Everidge v. Martin, supra, and authorities therein cited. And that possession precluded a constructive possession by either the appellee or her father. Jones v. McCauley's Heirs, 2 Duvall 14, 63 Ky. 14.

From what has been said it follows that the judgment appealed from should be and it is reversed, and the case is now remanded with directions to the lower court to enter a judgment dismissing the appellee's petition and quieting the appellant's title.