## Asher v. Roberts.

(Decided December 5, 1924.)

### Appeal from Leslie Circuit Court.

1. Specific Performance—May be Decreed Against Third Person Who Purchased with Actual Notice of Contract.—Specific performance of contract to sell land may be decreed against third person who purchased land with actual notice of contract, since in such case third person takes land subject to purchaser's equity.

2. Specific Performance—Purchaser Acquires no Greater Rights Against Subsequent Purchaser with Notice than he Possessed Against Vendor.—Purchaser has no greater rights against subsequent purchsaer who took with notice of first purchaser's contract than he possessed against vendor, and cannot enforce specific performance against subsequent purchaser, if, because of some dereliction on his part, he could not have enforced specific performance against vendor.

3. Vendor and Purchaser—Agreement Held Option.—Contract whereby owner in consideration of $1.00 then paid, agreed to convey interest in land for a consideration of "$500.00, to be paid . . . within twelve months from the date of this contract" gave merely an option to purchase at the price of $500.00, if exercised within twelve months.

4. Specific Performance—Contract to Convey on Payment of Price Within Certain Period, Held Not Specifically Enforceable Without Payment or Tender During Such Period.—Contract whereby owner agreed to convey, on payment of specified price, within twelve months, held not specifically enforceable against subsequent purchaser without payment of purchase price or tender thereof, within twelve months, payment within that time being of essence of contract.

MARTIN T. KELLY and CLEON K. CALVERT for appellant.

BAILEY P. WOOTTON, SMITH & WOOTON and JESSE MORGAN for appellee.

Opinion of the Court by Judge Thomas—Reversing.

The original petition in this case was filed in the Leslie circuit court by appellee and plaintiff below, R. B. Roberts, against appellant and defendant below, A. J. Asher, on October 22, 1913. When filed it sought the recovery of a personal judgment against defendant for the sum of $500.00 for the violation of an alleged contract between the parties whereby the defendant agreed to pay plaintiff $1,000.00 as purchase price for a one-half undivided interest in five tracts of land in Leslie county that were patented by the Commonwealth to Philip Marcum and R. C. Potter in September, 1871, and which contract was made in the spring or summer of 1911, and was oral. At that time defendant claimed to own Potter's undivided half interest in the land and was desirous of procuring the other half still supposed to be owned by Marcum, who was then and had been for a considerable time a resident of the state of Oklahoma. On December 12, 1911, pursuant to his undertaking in the oral contract with defendant, plaintiff secured a con-

tract from Marcum whereby the latter, in consideration of $1.00 then claimed to have been paid, agreed to convey to plaintiff his half undivided interest in the land for the consideration "of $500.00 to be paid by the party of the second part (plaintiff) to party of the first part within twelve months from the date of this contract." It was again stipulated in the contract that "It is agreed that the party of the first part doth hereby bind himself to make or cause to be made a deed of conveyance to party of the second part, for a one-half interest in the above-mentioned patents, provided, however, that party of the second part or any one for him pays to the party of the first part the sum of five hundred dollars within twelve months from the date of this contract." That contract was not acknowledged by Marcum and was, therefore, not recorded. As soon as plaintiff obtained it he, according to his testimony, and which we think the proof abundantly establishes, carried it to defendant and offered to assign and transfer it to him and to procure a deed to him from Marcum if he would advance the consideration of $500.00, and at the same time plaintiff demanded payment of the other $500.00 which was the balance defendant promised him if he would procure Marcum's title.

Later plaintiff filed what he styled an "amended and reformed petition," in which he practically abandoned his cause of action set out in his petition and expressly withdrew his prayer for a personal judgment against defendant for $500.00, and alleged that after he had procured the contract from Marcum, above referred to, and after defendant had obtained knowledge of that contract, he fraudulently procured a deed from Marcum to the latter's half undivided interest in the land, and plaintiff sought specific performance of his contract against defendant, upon the ground that the latter made his purchase with actual notice of plaintiff's equity, and took his title burdened with that equity, including the obligation to perform it under the same circumstances and conditions that Marcum would be compelled to do.

The answer denied the material averments of the petition as so amended and reformed, and afterwards defendant amended it and asserted title in himself and those through whom he claimed by adverse possession, and also interposed the plea of champerty. Neither of those defenses were responded to; nor was the amended

answer containing them controverted of record. The special judge agreed upon to try the case, upon submission after preparation, granted the relief prayed for in the amended and reformed petition, and complaining of that judgment defendant prosecutes this appeal. In disposing of the case, we will not discuss the undenied defenses of adverse possession and champerty under the peculiar facts of this case, nor the effect of their admission by failing to controvert them, since for another reason, hereinafter stated, we are convinced that the judgment was erroneous and should be reversed.

The right to enforce specific performance against defendant under the facts alleged, is a well established doctrine of equity and which this and other courts have unhesitatingly applied under the same or similar facts. A recent case from this court so holding, and in which other domestic ones and text authorities are cited, is that of Thomas v. Haly Coal Company, 189 Ky. 698, and we deem it unnecessary to encumber this opinion with other cases or citations. The right to enforce specific performance against a subsequent purchaser with notice is bottomed upon a companion doctrine of equity saying that ''a purchaser of land who acquires his interest therein with notice, actual or constructive, of an adverse claim of a third person under a prior contract or conveyance, or of an equity in favor of a third person, or who is not a purchaser for value, takes the land subject to such claim or equity, whether he has received a deed or not.'' 39 Cyc. 1648, and Kentucky cases in note 18 to the text. See also 27 R. C. L. 686, paragraph 451. Later cases from this court so holding are: Winlock v. Munday. 156 Ky. 806; Everidge v. Martin, 164 Ky. 497; Vizard Investment Co. v. York, 167 Ky. 634; Speiss v. Martin, 192 Ky. 211, and the Thomas case, *supra*.

Notwithstanding the foregoing rights of a prior purchaser of the equitable title, he can acquire no greater one as against a subsequent purchaser with notice than the one he possessed against his vendor, and as a corollary to that proposition, if he could not, because of some dereliction on his part, enforce specific performance against his vendor, neither could he do so against the subsequent purchaser with notice, since the latter, under the assumed facts, took only the place of the vendor but with no enlarged obligations. If, therefore, plaintiff at

the time he filed his action, or, perhaps more accurately, at the time he filed his amended and reformed petition, could not enforce specific performance against Marcum, neither could he do so against defendant.

We do not construe plaintiff's contract with Marcum upon which he relies as being anything more than an option to purchase the latter's interest in the land at the price of $500.00, provided it is exercised within twelve months from the date of the contract; but, if it should be construed as an absolute agreement to convey, then, according to its express terms, that obligation existed only upon the condition of the payment of the purchase price by plaintiff, or some one for him, *within twelve months,* and which the writing made the essence of the contract. 36 Cyc. 711; Stembridge v. Stembridge, 87 Ky. 91; Jones v. Noble, 3 Bush 694; Magoffin v. Holt, 1 Duv. 95; Brock v. Tennis Coal Co., 29 Ky. L. R. 1283 (same case 30 Ky. L. R. 1370), and many foreign cases cited in note 42 to the text. So that, it was the plaintiff's duty in order to preserve his rights under his contract, to either pay or tender to Marcum the consideration agreed to be paid within the time he agreed to pay it if he had no knowledge of Marcum's subsequent conveyance to defendant. That payment or tender would have saved his rights if he was unaware of the conveyance to defendant as against the latter. If, however, he received notice of the conveyance to defendant before the expiration of the twelve months, it was then his duty to make payment or tender thereof to defendant in order to obtain an enforced conveyance of the legal title from him, since he, under the equitable doctrine, *supra,* assumed no greater obligation by accepting his conveyance from Marcum with notice of plaintiff's equity than was contained in plaintiff's contract. It follows, therefore, that plaintiff having neither paid nor tendered the purchase price to either Marcum or defendant within the time stipulated, he forfeited his right under his option or his contract, whatever it may be styled, and the court erred in holding to the contrary.

Wherefore, the judgment is reversed with directions to set it aside and for proceedings consistent with this opinion.