## Will B. Miller Company v. Bannon.

(Decided November 4, 1927.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Specific Performance.—Wife did not ratify her husband's contract to convey land sought to be specifically performed, where she signed an undelivered deed thereto, intending that it should not be delivered, unless her husband signed it, and her husband did not sign it.

2. Specific Performance.—Complaint for specific performance of contract held to state cause of action, where, after appropriate allegations of refusal of vendor's wife to join in conveyance, it prayed for judgment against vendor for value of her dower interest.

MARK BEAUCHAMP for appellant.

A. M. MARRET for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing in part and affirming in part.

The Will B. Miller Company, a corporation, sought to compel William P. Bannon and Rose M. Bannon to perform a certain contract. Its petition was dismissed, and it has appealed. On January 6, 1926, the Will B. Miller Company made William P. Bannon a written proposition to pay him $2,250 cash for certain lots he owned on the corner of Preston street and Barbee avenue in Louisville, Ky. By written indorsement thereon, William P. Bannon accepted the proposition. His wife never signed,

or became a party to the contract. The Will B. Miller Company had a deed prepared, and on April 16, 1926, Rose M. Bannon signed it, but it does not appear to have been acknowledged or delivered. Something occurred, which the record does not disclose, that caused the Bannons to refuse to go any further. Thereupon the Will B. Miller Company began this suit for specific performance, alleging that it had tendered to William Bannon $2,250 in cash, and it prayed that he be required to make conveyance, and prayed further that, if Rose M. Bannon refused to join in the deed, the court fix the value of her interest in the property, and that the Will B. Miller Company have judgment against William P. Bannon for the value of her interest.

The order appealed from is:

"Comes the plaintiff herein and declines to plead further; the demurrer to the petition and amended petitions having been sustained.

"The plaintiff having declined to plead further, the court now dismisses the plaintiff's petition and amended petition, to which the plaintiff excepts and objects, and prays an appeal to the Court of Appeals, an on motion of plaintiff an appeal is granted to the Court of Appeals."

We have examined the contract sued on, and have reached the conclusion that it was sufficiently definite and certain to be enforceable. Mrs. Bannon had never signed this contract. Her signature to this deed was not a ratification of it, because the deed had not been delivered, and, from an examination of the deed, the conclusion is inevitable that Mrs. Bannon never intended this deed to be delivered, unless her husband signed it; hence we regard the action of the trial court, so far as Mrs. Bannon is concerned, as correct, and the judgment is affirmed as to her; but the plaintiff had pleaded a good cause of action against William Bannon to compel him to perform this contract, and had, by proper pleading, sought a judgment against William Bannon for the value of Mrs. Bannon's inchoate right of dower. Therefore the trial court erred in sustaining this demurrer as to William Bannon, and the judgment as to him is reversed.