HERMAN MAYER, *Plaintiff in Error*, v. FIRST NATIONAL COMPANY OF SARASOTA, a Corporation, *Defendant in Error.*

Division A.

Opinion filed January 28, 1930.

174

*Burkett & Fish* and *Harold H. Flower,* for Plaintiff in Error;

*Perry, Williams & Williford,* for Defendant in Error.

BROWN, J.—This was an action for money had and received. Plaintiff, in his office in Philadelphia, upon the solicitation of an agent or agents of the defendant, signed a printed contract to purchase certain lots, in a certain Florida subdivision near Sarasota, Florida, the block numbers and book and page of plat not being given. It was understood that these were to be filled in later by the defendant, to whom the contract was sent for execution on its part. Plaintiff also added with pen and ink to the printed contract a provision requiring certain improvements to be put in. He gave a check for the cash payment on the purchase price, $4,500.00, which was paid in due course. Later the contract was returned by defendant corporation executed, but the block numbers had not been filled in, and the additional paragraph written in by plaintiff, regarding improvements, had been "scratched out." About a month later one of the agents who had procured plaintiff's signature and check called on plaintiff and endeavored to get him to agree to the striking out of such paragraph and the agent testified that the plaintiff said

he would not object to the alteration if the improvements referred to were made. The improvements were not put in and several months later plaintiff brought this suit to recover the $4,500.00 which he had paid. The verdict and judgment were in favor of the defendant. The plaintiff brings this writ of error.

It is contended that the defendant never delivered to the plaintiff a complete, legal and enforceable contract, as was contemplated when the money was paid. The description as contained in the alleged contract was: ''Lot 36-43 of Block — Lot 44-45 of Block —, of the subdivision known as Silver Beach according to plat thereof recorded in plat Book —, page — of the public records of Manatee County, Florida.'' It must be admitted that this description is *prima facie* insufficient under the statute of frauds, and it does not appear to have been aided (if indeed this would have been admissible) by parol evidence at the trial. Hence the contract was voidable under the statute and not capable of specific performance in equity, or of sustaining an action for breach thereof at law.

It is also contended that the above mentioned alteration appearing in the contract as returned by defendant to plaintiff, was a material one and vitiated the contract; that it was not the contract which plaintiff signed on his part. The court in effect charged the jury that if the alteration was made by third parties, it would not affect the validity of the contract between the plaintiff and defendant, and that the burden was on the plaintiff to show by a preponderance of the evidence that the alteration was made by the defendant or its agents. This charge might have been correct if applied to an executed and completed contract, (See 2 C. J. 1231) but the contract here was not completed, when altered, inasmuch as the same contract signed by plaintiff had not been executed by the defendant and delivered to the plaintiff. If, as appears to be the

case here, the contract which was returned to plaintiff by the defendant had been materially altered, no matter by whom, and was not the contract which he, the plaintiff, had signed, he would not be bound to accept the changed contract thus sent him by the defendant, presumably with knowledge of the change. "A change made in the course of execution and delivery of an instrument, by reason of mutual assent, is governed by other rules, and is not a technical alteration." 2 C. J. 1232.

Where an instrument has been signed by one party with the understanding that the other also is to sign it, and it is materially altered and signed by the latter in its altered form, it does not become binding on the one who first signed it unless he learns of and ratifies the change. 2 C. J. 1224; 13 C. J. 272-285. As defendant returned the contract executed by it, showing a material alteration, to the plaintiff, the latter had the right to presume that it was altered by the defendant, or with its authority and approval.

But, says the defendant, the plaintiff waived or ratified the alteration and impliedly accepted same by his silence and acquiescence for an unreasonable length of time. 2 C. J. 1256. This may well have been a question for the jury under the evidence, but we are inclined to the view that the charge given by the court to the effect that it must have been shown by a preponderance of the evidence that the alteration had been made by the defendant or its agents was, as applied to the facts of this case, erroneous and prejudicial to the plaintiff. In this connection it might be observed that the very fact that the agent who had originally solicited plaintiff to sign the contract went to see him a month later and endeavored to get him to agree to accept the contract as altered, indicated that it was not considered, at least by the agent, that plaintiff's

silence during that period had up to that time operated as an implied acceptance which was binding upon him. And what he told the agent at that time hardly amounted to more than a conditional acceptance—conditioned upon the improvements being put in, which was not complied with within a reasonable time. On the whole, we think that the error pointed out prejudicially complicated the consideration of the case by the jury and calls for a reversal and remandment for new trial.

Defendant in error cites 2 C. J. 1257, to the effect that: "Where one has received property under a contract at the time his attention is called to an alteration, he must rescind the contract and return the property within a reasonable time, or be held to have ratified the alteration." But, in the absence of evidence that the subdivision in question contained no blocks, or that the lots therein were designated by lot number only, without regard to blocks, (which is unusual and not to be presumed in the absence of evidence), what "property" did the plaintiff receive? It would appear that he did not even receive an enforceable contract, or one that vested him with any enforceable property right. The contract may not have been void, but it was voidable and unenforceable. 25 R. C. L. 691-2.

Some of the charges of the court were inconsistent with the principles above outlined, and the judgment must be reversed.

It seems to be held that money paid on a void contract, or an illegal executory contract, may be recovered in an action for money had and received. 2 Encyc. Pldg. & Prac. 1019. And the same has been held as to money paid by a purchaser to a vendor who has no title, Hawkins v. Garrison, 120 So. R. 309, 97 Fla. 156; or to a vendor who fails to keep his engagement and the purchaser rescinds; 25 R. C. L. 725; Cox v. Grose, 122 So. R. 513. See also

Reese v. Levin, 123 So. R. 809. But the authorities are in conflict as to whether a purchaser of land upon a parol contract, or a contract unenforceable because of failure to comply with the statute of frauds, can, for that reason alone, terminate the contract and recover from the vendor the money paid on such contract. The majority rule, however, seems to be that no such recovery can be had where the vendor is not in default and is willing and able to perform, 27 R. C. L. 624; 2 Anno. Cas. 931; 25 R. C. L. 725, et seq.; 39 Cyc. 2048-9-10; 105 Am. St. R. 793. But where a vendor secures a purchaser's signature to a contract for the purchase of land with the understanding that the legal description will be filled in by the vendor and executed by him, so as to give the purchaser an enforceable contract, if the vendor fails to comply with this understanding, and returns the contract to the purchaser executed by him, but without having filled in the legal description, the purchaser would have the right to demand the return of his money, if he does not waive his right by acquiescence for an unreasonable length of time.

We do not deem it necessary to discuss the other questions presented and argued, as they appear to have been either immaterial or without merit.

Reversed and remanded.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.