## City of Murray et al. v. Holcomb et al.

(Decided March 25, 1932.)

JOHN G. RYAN for appellants.

E. P. PHILLIPS for appellees.

OPINION OF THE COURT BY HOBSON. COMMISSIONER—Reversing in part and affirming in part.

This is an appeal from the judgment of the circuit court dismissing upon general demurrer, the plaintiff's petition. The facts stated in the petition are these: On January 19, 1931, the defendant S. F. Holcomb, in consideration of $1 in hand paid by the plaintiff H. C. Broach, executed and delivered to plaintiff the following writing:

> "I hereby grant Clint Broach an option on my brick store property for two days for $7,000 cash. This January 19, 1931.
>
> "S. F. Holcomb.''

Holcomb at the time he gave the option owned no brick store property either in Murray or elsewhere,

except the property which was described by metes and bounds in the petition. For some days prior to the giving of the option, negotiations had been carried on between Broach and Holcomb for the purchase of this property. On January 20, 1931, Broach notified Holcomb of his acceptance of the option and demanded that he make a deed to the property at once and offered to pay the $7,000 at the time of the delivery of the deed. The defendant then agreed to make the deed, but for some cause refused to make it on that day, but stated that he would make it on the following day. On the following day he declined to make the deed and has since refused to do so, although plaintiff applied to him to do so and was at all times ready and willing to pay the price upon the making of the deed. Broach desired to purchase the property for the city of Murray for a city hall, and if the city should decline to take it he desired to purchase it for himself. The city desired to purchase the property for the hall, and Broach was in fact acting as the tentative agent for the city in making the proposition, and the city at a special meeting on January 21 agreed to purchase the property as the assignee of Broach and directed Broach to take a deed to the property in the name of the city, it paying the purchase money. Broach joined the city with him as plaintiff in the action, and he also joined, as a defendant to the action, Irene Holcomb, the wife of S. F. Holcomb, who had not signed the contract, and alleged that S. F. Holcomb owned much other real property in which she could be allowed her dower in lieu of the property in contest.

Irene Holcomb not being a party to the contract, the demurrer was properly sustained as to her, and the judgment as to her is affirmed.

As to S. F. Holcomb different questions are presented.

1. The property is described in the writing only by these words, "My brick store property," and it is alleged in the petition that Holcomb owned the brick store property aptly described therein and owned no other brick store property. In Henderson v. Perkins, 94 Ky. 207, 21 S. W. 1035, 1036, 14 Ky. Law Rep. 782, the property was described in the writing as "my home place and storehouse." In Bates v. Harris, 144 Ky. 399, 138 S. W. 276, 36 L. R. A. (N. S.) 154, the property was described

as "her Mud Creek Farm, embracing 113 acres." In both those cases the writing was held to describe the property sufficiently under the parol proof similar to the facts alleged here. Other authorities to the same effect are cited therein. This case clearly falls within the rule there laid.

2. It is earnestly insisted that the consideration of $1 is insufficient to support the contract. But it will be observed that this option was only for two days. One dollar is a valuable consideration, and such option contracts for $1 have often been sustained. Union Gas & Oil Co. v. Wiedeman Oil Co., 211 Ky. 361, 277 S. W. 323, and cases cited. In Murphy, Thompson & Co. v. Reed, 125 Ky. 585, 101 S. W. 964, 31 Ky. Law Rep. 176, 10 L. R. A. (N. S.) 195, 128 Am. St. Rep. 259, the options extended over a year and the holding that the recited consideration of $1 was only a nominal consideration and not substantial rested on the facts there shown. Here the option was only for two days, and was accepted before it was withdrawn. That case has therefore no application; it is only necessary that the contract of the vendor be in writing and signed by him; the contract was valid. Klatch v. Simpson, 237 Ky. 84, 34 S. W. (2d) 951.

3. The plaintiffs prayed that they be adjudged a right to a conveyance of the lot and that Irene Holcomb be required to take her dower in other property, also that S. F. Holcomb be required to perform his contract by making a deed to the city for the property. They alleged that the property was of a fair market value of $9,000, and prayed, if they were not entitled to specific performance, for damages against the defendant S. F. Holcomb in the sum of $2,000 and all proper relief. Although the contract may not be enforced against Irene Holcomb, it may be enforced against S. F. Holcomb, and he may be required to convey the property to the plaintiffs on the payment of the consideration less the present value of Irene Holcomb's potential right of dower in the property to be fixed by the court, if they are willing to accept such a deed. Miller Co. v. Bannon, 221 Ky. 677, 299 S. W. 567. If they are unwilling to accept such a deed, they may recover such damages as they are entitled to for the breach of the contract. What the measure of damages may be will not be determined now, as this question has not been decided in the circuit court and

may depend on facts not now shown by the record. On the return of the case to the circuit court, the plaintiffs will make the election above indicated; the demurrer to the petition will be overruled; and the defendant S. F. Holcomb will be allowed to file answer.

Judgment reversed as to S. F. Holcomb, and cause remanded for further proceedings as above indicated.