PEOPLE v. LEPLER.

1. AUTOMOBILES—FAILURE TO STOP AT SCENE OF ACCIDENT—KNOWL-
EDGE OF ACCIDENT—PENALTIES.
    The section of the uniform motor vehicle act relating to penalties
    imposable upon motorists involved in accidents applies to vio-
    lators of provisions of portions of section relating to failure
    to stop at the scene of the accident and failure to render as-
    sistance to injured in such accident provided the offense is
    properly set forth in the information, one of the statutory
    requisites being that the motorist knows that his vehicle has
    been involved in an accident (1 Comp. Laws 1929, § 4722 [a],
    [c], as amended by Act No. 318, Pub. Acts 1939; § 4748, as
    amended by Act 262, Pub. Acts 1941).

2. CRIMINAL LAW—INDICTMENT AND INFORMATION—FAILURE TO STOP
AT SCENE OF ACCIDENT—PLEA OF GUILTY—ADMISSIONS.
    Where information charged defendant motorist with knowingly
    failing to stop at scene of accident at a named time and
    place and/or render assistance to a person injured thereby
    and defendant pleaded guilty thereto, he did not thereby ad-
    mit that his vehicle had been involved in the accident in ques-
    tion, hence a sentence as for a felony was error (1 Comp. Laws
    1929, § 4722 [a], [c], as amended by Act No. 318, Pub. Acts
    1939; § 4748, as amended by Act No. 262, Pub. Acts 1941).

Appeal from Recorder's Court for the City of
Detroit; Watts (John D.), J. Submitted June 13,
1946. (Docket No. 56, Calendar No. 43,304.) De-
cided September 11, 1946. Rehearing denied Octo-
ber 18, 1946.

Sidney Lepler was convicted of leaving the scene
of an accident. Reversed and remanded.

*Richard Nahabedian* and *Harold Helper,* for ap-
pellant.

*John R. Dethmers,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, *Gerald K. O'Brien,*

Prosecuting Attorney, and *Nathan Kaufman* and *Michael A. Guest,* Assistant Prosecuting Attorneys, for the people.

REID, J. The information filed against defendant contained two counts. The first count charged manslaughter and the second count charged defendant with the offense ordinarily known as leaving the scene of an accident. On motion of the prosecution, the first count was dismissed. Defendant pleaded guilty to the second count. Sentence of 4½ to 5 years was imposed. From this judgment, defendant appeals. The only question raised on this appeal is concerning the statutory penalty applicable to the second count.

Defendant claims that,

"Section 56 * (1 Comp. Laws 1929, § 4748, as amended by Act No. 161, Pub. Acts 1937, and Act No. 262, Pub. Acts 1941 [Comp. Laws Supp. 1945, § 4748, Stat. Ann. 1945 Cum. Supp. § 9.1617]) does not apply because of a self-limiting element added by an amendment to the originally enacted section. By the amended section 56, the aggravated punishment is authorized only if it appears that the driver 'knows such vehicle has been involved in an accident and who is convicted of violating the provisions of either subsections (a) or (c) of section 30 * (1 Comp. Laws 1929, § 4722, as amended by Act No. 90, Pub. Acts 1929, Act No. 161, Pub. Acts 1937, and Act No. 318, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 4722, Stat. Ann. 1945 Cum. Supp. § 9.1590]) of this act in connection with such accident.' Thus, the amendment commands that sections 30 and 56 be read together. Even though the information alleges that the defendant 'knowingly' and 'wilfully' left the scene of an accident, it does not allege that he knew that a person was injured in the accident. The

_____

* Act No. 318, Pub. Acts 1927.—REPORTER.

aggravated punishment can apply only if the driver knows his vehicle is involved in an accident resulting in injury or death to any person. The information in the instant case contains no such allegation, and this deficiency is not supplied by the plea of guilty."

Defendant cites, among other cases, *People* v. *Thompson,* 259 Mich. 109, and *People* v. *Hoaglin,* 262 Mich. 162, in support of the proposition that the accused is entitled to have the lesser of two penalties imposed when the statute does not with clarity indicate which penalty is intended to be applicable; and defendant claims that principle still applies to the sections in question even in their amended form.

Subsections (a) and (c) of section 30 as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4722, Stat. Ann. 1945 Cum. Supp. § 9.1590), are as follows:

"SEC. 30.  *  *  *  (a) The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop such vehicle at the scene of such accident and any person violating this provision shall upon conviction be punished as provided in section 56 of this act.  *  *  *

"(c) The driver of any vehicle involved in any accident resulting in injury or death to any person shall also give his name, address, and the registration number of his vehicle, also the name and address of the owner, and exhibit his operator's or chauffeur's license to the person struck or the driver or occupants of any vehicle collided with and shall render to any person injured in such accident reasonable assistance including the carrying of such person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by the injured person, *and any person violating this provision shall upon con-*

*viction be punished as provided in section 56 of this act.''* (Italics supplied.)

Since the decisions in the *Thompson Case, supra,* and the *Hoaglin Case, supra,* the amendment to subsection (c) has been enacted including the words which we italicize at the conclusion of subsection (c), thus causing the penalty for violation of subsection (c) to come within the provisions of section 56 of the act, which section as amended by Act No. 262, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 4748, Stat. Ann. 1945 Cum. Supp. § 9.1617), so far as pertinent to this case, is as follows:

"SEC. 56. * * * Every person who is the driver of a vehicle and who knows such vehicle has been involved in an accident and who is convicted of violating the provisions of either subsections A or C of section 30 of this act in connection with such accident shall be punished by imprisonment in the county or municipal jail for not less than 30 days nor more than one year, or in the State prison for not less than one nor more than five years, or by fine of not less than $100 nor more than $5,000 or by both such fine and imprisonment."

The pertinent portion of the second count of the information is as follows:

"That Sidney Lepler, late of the said City of Detroit, in said county, heretofore, to-wit, on the 2d day of February, A. D. 1945, at the said city of Detroit, in the county aforesaid, being then and there the driver of a motor vehicle, which motor vehicle was then and there involved in an accident at the intersection of Woodrow Wilson and Richton streets in the said city of Detroit, county and State aforesaid, and which accident did then and there result in death of Charles J. Chamberlain, did then and there knowingly and wilfully fail and neglect

to immediately stop said motor vehicle at the scene of said accident and/or render to the said Charles J. Chamberlain, injured in said accident, reasonable assistance, including the taking of said Charles J. Chamberlain to a physician or surgeon for medical and surgical treatment, it being apparent that such treatment was necessary, and did then and there fail and neglect to give his name, address and the registration number of his vehicle or the name and address of the owner thereof; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan.

"Note—See M. P. C. (Act No. 328, § 321, Pub. Acts 1931, and 1 Comp. Laws 1929, § 4722, subds. [a], [c], as amended by Act No. 161, Pub. Acts 1937, as amended.)"

Defendant claims that the above second count does not contain the allegation that the driver knew such vehicle was involved in an accident resulting in the injury or death of a person, and that without such allegation the amended section 56 does not apply and that sentence could only be imposed under the general penalty section as to violation of the act as a misdemeanor. See 1 Comp. Laws 1929, § 4745 (Stat. Ann. § 9.1614). However, we consider that section 56 applies to violations of subsections (a) and (c) of section 30, provided the offense is properly set forth in the information. One of the statutory requisites is that the person charged was "the driver of a vehicle who knows such vehicle has been involved in an accident." 1 Comp. Laws 1929, § 4748, as amended by Act No. 262, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 4748, Stat. Ann. 1945 Cum. Supp. § 9.1617).

Plaintiff contends that:

"When defendant pleaded guilty he, in effect, said:

" '1. That on February 26, 1945, he was then and there the driver of a certain motor vehicle;

" '2. That the vehicle was involved in a particular accident;

" '3. That the accident resulted in the death of a certain person;

" '4. That the defendant knowingly and wilfully failed and neglected to immediately stop said vehicle at the scene;

" '5. That he did not render reasonable assistance to the injured;

" '6. That it was apparent that such assistance was necessary.

" '7. That he failed to give his name, address and registration number of his vehicle.' ''

We do not accept plaintiff's construction of the information. The information is not so drawn as to charge that defendant knew his vehicle had been involved in the accident in question. Instead, the information charges no offense. The plea and sentence are set aside.

The judgment is reversed. The case is remanded to the trial court without prejudice to the people's right to take such further proceedings as may be deemed fit and proper, including such action as may be deemed advisable incident to charging defendant with having committed the offense with which he was sought to be prosecuted in the instant case.

Butzel, C. J., and Carr, Bushnell, Sharpe, Boyles, and North, JJ., concurred. Starr, J., took no part in the decision of this case.