## FITZGAN v. BURKE et al.

### No. 672.

Municipal Court of Appeals for the District of Columbia.

Oct. 27, 1948.

Harry Bonnett, of Washington, D. C. (Reuben Bonnett, of Washington, D. C., on the brief), for appellant.

Dan Piver, of Washington, D. C., for appellee Bernice Burke.

Harry L. Ryan, Jr., of Washington, D. C., for appellees Jack J. Sapienza and Gloria N. Sapienza.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff, a real estate broker, sued defendant Burke for a commission. The complaint alleged that the broker was employed by defendant to negotiate a contract for the purchase by defendant of premises known as 1362 Tuckerman Street, Northwest, and defendant gave to the broker a signed offer, promising to pay him the regular commission in the event he was able to obtain a contract; that the broker succeeded in securing the acceptance of the offer by the owners of the premises, a Mr. and Mrs. Sapienza; and that the broker returned to defendant "a properly signed and executed contract for the purchase of the said premises" and thereby became entitled to his commission.

Defendant's answer admitted all allegations of the complaint but alleged that payment of the commission was not to be made until settlement of the contract and conveyance of the property to defendant; that the Sapienzas breached their contract, refused to settle with defendant, and conveyed the property to others; and that plaintiff's commission was due not from defendant but from the Sapienzas. .

Defendant also filed a third-party complaint against the Sapienzas, alleging that they had breached their contract to sell to defendant and were liable to plaintiff for all of plaintiff's claim or, if defendant were liable to plaintiff, then they were liable to defendant for such amount.[1]

The Sapienzas as third-party defendants answered, denying they had entered into any agreement to sell said property to defendant, raising certain other defenses, and denying liability to either plaintiff or defendant.

At trial plaintiff offered in evidence a paper purporting to be a contract for the sale of the premises in question by the third-party defendants to defendant. The third-party defendants objected to receipt of the paper on the ground that it had been materially altered since signed by them and that such alteration had been made without their knowledge or consent. Obviously the objection was too broad for it assumed many facts not at that time in evidence. This, however, is not important because upon the court's ruling that the paper was inadmissible plaintiff made a proffer of the testimony that he would offer in connection with the paper and that proffer included the admission by plaintiff that several days after the signing of the paper he inserted therein the words "1362 Tuckerman St., N.W.," without notice to the third-party defendants. At the conclusion of the proffer, upon announcement by plaintiff and defendant that each rested, the third-party defendants' motion for a directed verdict in their favor was granted. Thereupon the defendant likewise moved for a directed verdict in her favor and this motion too was granted.

This appeal questions the correctness of the granting of said motions.

We shall consider the directed verdicts separately. With respect to that in favor of the third-party defendants, much argument is made regarding the admissibility in evidence of the altered contract. However, we think the question is best answered by considering the legal effect, had it been received in evidence, of both the paper and the proffered testimony.

The paper offered in evidence was on a printed form of a type generally used in this jurisdiction for contracts for the sale of real estate. It was signed by Bernice Burke as the purchaser and Mr. and Mrs. Sapienza as the seller and seller's wife. The purchase price was stated and generally the paper contained all the essential elements of a contract for the sale of real estate with one important exception. There was no description of the property to be sold. That portion of the form intended for the description read as follows: "Lot

[1] Third-party practice in the trial court is governed by its Rule 14 based on Federal Rule of Civil Procedure 14, 28 U.S. C.A., as originally promulgated.

——— in Square ———, with improvements thereon known as No. ————— in the District of Columbia." It is true that the broker had inserted, several days after the signatures of the parties were obtained, in the last blank the words "1362 Tuckerman St., N.W."; but since this was done without authority from the third-party defendants it was not binding on them and can be disregarded as far as they are concerned. The broker, however, points out that in another part of the contract, after the printed words "Property is sold subject to an existing tenancy as follows:" were the words, "owner occupied. will give possession within ninety days." The broker contends that "owner occupied" is a sufficient description of the property and can be made certain by parol testimony.

■ Under our Statute of Frauds[2] a contract for the sale of real estate "is valid and enforceable only when it is in writing and there is a sufficient description of the thing sold, the price to be paid, and the names of the party selling and the party buying. None of these elements can be supplied by parol testimony." Ochs v. Weil, 79 U.S.App.D.C. 84, 86, 142 F.2d 758, 760.[3]

■ While parol testimony may not supply the description, it may be used to identify that which is described.[4] But the writing itself must state "with reasonable certainty" the land to which the contract relates,[5] and if it does not the contract is unenforceable.[6]

■■ In the present case the only words of descriptive value are "owner occupied" although obviously they were not intended as a description. We do not think these words describe any property with reasonable certainty. Throughout the contract the seller is described as the "seller." Therefore "owner occupied" does not necessarily refer to the seller. Although usually the seller is the owner, such is not always the case. The seller may have only a contract to buy or an option to purchase and of course it is possible for one to contract to sell that which he does not own. Since the contract did not contain a reasonably sufficient description of the property, parol testimony was inadmissible to supply the description.

We hold that the contract was unenforceable, and since the basis of the third-party complaint was an alleged breach of the contract by the third-party defendants, it follows that the evidence tendered and proffered by plaintiff established no right of action by either plaintiff or defendant against the third-party defendants. The motion for a directed verdict in favor of the third-party defendants was properly granted.

■ It does not follow, however, that defendant was likewise entitled to a directed verdict. While the third-party defendants in their answer raised the question of the binding effect of the contract and at trial objected to its admission, the defendant admitted all allegations of plaintiff's complaint, did not question the validity of the contract, admitted that plaintiff had earned his commission, and pitched her whole defense to plaintiff's claim on the ground that payment of the commission was not due until settlement of the contract was made and that, due to no fault on her part, settlement never took place. The issue between plaintiff and defendant was not determined and the directed verdict for defendant was improperly granted.[7]

Judgment in favor of third-party defendants affirmed. Judgment in favor of defendant reversed with instructions to grant a new trial on the issue between plaintiff and defendant.

---

[2] Code 1940, § 12—302.

[3] See also Shell Eastern Petroleum Products, Inc. v. White, 62 App.D.C. 332, 68 F.2d 379; Harten v. Loffler, 29 App. D.C. 490, affirmed, 212 U.S. 397, 29 S.Ct. 351, 53 L.Ed. 568; Waters v. Ritchie, 3 App.D.C. 379.

[4] Montgomery v. Graves, 301 Ky. 260, 191 S.W.2d 399; City of Murray v. Holcomb, 243 Ky. 287, 47 S.W.2d 1026; Cramer v. Ballard, 315 Mich. 496, 24 N. W.2d 80; Kuester v. Rowlands, 250 Wis. 277, 26 N.W.2d 639.

[5] Restatement, Contracts, § 207.

[6] Mayer v. First Nat. Co. of Sarasota, 99 Fla. 173, 125 So. 909; Price v. Hays, 144 Ky. 535, 139 S.W. 810; Michelson v. Sherman, 310 Mass. 774, 39 N.E.2d 633, 139 A.L.R. 960; Doherty v. Hill, 144 Mass. 465, 11 N.E. 581; Calci v. Caianillo, 46 R.I. 305, 127 A. 361.

[7] The brief submitted by defendant adopts plaintiff's brief and urges reversal