### BLUTREICH v. BLUE.

Circuit Court, Dade County, Civil Appeal.
August 27, 1953.

Pace, Sigman & Gilbert, Miami Beach, for appellant.

Blackwell, Walker & Gray, Miami, for appellee.

VINCENT C. GIBLIN, Circuit Judge.

The parties, on October 18, 1947, entered into a written contract by which the appellee agreed to sell, and the appellant agreed to purchase, certain described real estate. The price specified was $13,850. The contract provided for a deposit by the purchaser of $1,500 at the time of the execution of the contract and the payment by her of $6,350 "at date of closing." The agreement as to the balance of the purchase price, $6,000, was that it "shall be covered by first mortgage payable monthly; the monthly payments to be applied first to interest and the balance to principal. Interest at the rate of 6% per annum included in monthly payments. Mortgage may be paid off on or before date of maturity."

It will be noted that neither the number nor the amount of the monthly installments was specified in the written contract.

It was agreed that "this transaction shall be closed and the purchaser shall pay the balance of the purchase price and execute all papers necessary to be executed by [her] for the completion of [her] purchase within 30 days from delivery or tender to [her] of an abstract of the said property; otherwise the sum this day paid shall be retained by the seller or agent as liquidated and agreed damages, and the parties hereto shall be relieved from all obligations under this instrument."

The deposit of $1,500 provided for was made by the appellant-vendee by her delivery of money orders for $1,000 (the proceeds of which were received and retained by the appellee-vendor) and the vendee's personal check for $500.

Within a few days after the delivery of the money orders and the check, the bank on which the check was drawn was instructed by the appellant to dishonor it; and, as a result, the check was dis-

honored and only $1,000 of the $1,500 required cash deposit was received by the appellee.

The abstract of title was promptly and seasonably tendered, but the letter (of November 8, 1947) from the vendor's attorney, addressed to the vendee, in which he advised of the availability of the abstract and tendered it for examination, was rejected by the vendee and was returned unopened to the attorney. Subsequent letters were similarly rejected.

On December 1, 1947 the appellant-vendee instituted an action in the civil court of record for the recovery from the appellee-vendor of the $1,000, the portion of the specified deposit received and retained by the appellee.

After unusually prolonged skirmishing (under the old rules), issue was finally reached and the action was tried in the court below on November 5, 1952. The facts which I have stated were established by the evidence. It was further shown, without dispute, that, at the time of the preparation and execution of the contract (which was prepared by a lay broker), the appellant-vendee expressed a willingness and ability to pay fifty dollars monthly on the unpaid balance of the purchase price to secure the payment of which it was contemplated that a mortgage should be executed, but that "since there was no attorney present," it was "decided to leave that phase out of it to work out later."

The only substantial conflict produced by the trial was the assertion by each of the parties that the other had repudiated the contract.

At the close of the evidence the trial judge, on the defendant-appellee's motion, directed the jury to return a verdict in her favor on the plaintiff-appellant's claim; and, on the verdict returned pursuant to such direction, the judgment appealed from was entered. A motion for a new trial was denied.

The question here presented is whether the trial judge erred in directing the verdict, entering the judgment and refusing a new trial.

Counsel for the plaintiff-appellant contends, firstly, that the contract was violative of the statute of frauds (section 725.01, Florida Statutes 1951) because of the absence from its provisions of a specification of the number and amount of the monthly installments, the payment of which was to be secured by the contemplated mortgage; and that, because of the failure of the parties to incorporate such essential terms in the contract, it is void and the plaintiff-appellant is entitled to recover the portion of the deposit retained by the defendant-appellee.

The contention, in my opinion, is not tenable. The statute provides that "no action shall be brought" on any contract for the sale of lands which does not meet the requirements of the statute. The statute is a weapon of defense, not of offense. The Supreme Court of Florida (in Mayer v. First National Company, 125 So. 909, and in other cases) has adopted and adhered to the rule that, where a contract for the sale and purchase of lands is unenforceable because it is violative of the statute of frauds, there can be no recovery by the buyer of money paid on account of the purchase price *for that reason alone* and that, before such recovery can be had, it is necessary for the vendee *to show tender of compliance on his part* and a refusal of compliance on the part of the vendor. See Keystone Hardware Corp. v. Tague (N.Y.), 158 N.E. 27; 49 Am. Jur. p. 870.

The second contention advanced by counsel for the appellant is that the issue of whether or not *she had tendered compliance on her part* and the appellee had refused performance on her part should have been submitted to the jury for determination.

The contention cannot be sustained for the obvious reason that the evidence exposed the failure of the appellant to tender compliance. Even before the expiration of a reasonable time accorded the appellee for the delivery or tender of an abstract, the appellant caused the check, the proceeds of which were to constitute a part of the required initial deposit, to be dishonored. This was clearly a repudiation by her of the contract, by which a deposit of $1,500 was required. She never restored or tendered the $500 deficiency.

I think the trial judge was justified in directing the return of the verdict on which the challenged judgment was based; and, accordingly, the judgment is affirmed.