## RICE v. MERRITT et al.

Court of Appeals of Kentucky.

May 28, 1954.

Rehearing Denied Jan. 28, 1955.

Shumate & Shumate, Irvine, J. Smith Hays, Jr., Winchester, for appellant.

Redwine & Redwine, Harvey T. Lisle, D. L. Pendleton, Winchester, for appellees.

DUNCAN, Justice.

The lower court denied specific performance of a contract for the conveyance of an apartment house in Winchester. The action was against the appellees, R. W. Merritt, the former owner of the property involved, and The Winchester Bank, which subsequently acquired title at a judicial sale with knowledge of the agreement sought to be enforced.

Prior to April 10, 1948, appellee Merritt was indebted to the bank in the sum of $18,000, which was secured by a mortgage

on the property here involved and another house and lot. The bank had filed a suit for foreclosure of its mortgage and was in a position to take a judgment ordering sale of both properties in satisfaction of its debt. At this point, an arrangement was made with the bank by which it was agreed that Merritt might offer the apartment building for sale at public auction, and a real estate agent was employed for this purpose. The bank agreed that if the property brought as much as $12,000 it would release its lien on this building and accept this sum as a credit on its indebtedness. It further agreed that in such event it would pay the advertising cost and the real estate agent's commission.

At the sale held pursuant to this arrangment, the appellant, Vernon Rice, became the purchaser for $12,200. He complied with the terms of the sale by depositing 20% of the purchase price with the bank, and a written contract was executed between Merritt and the appellant by which each agreed to complete the transaction.

Thereafter, difficulties developed. Appellant was at all times ready, able, and willing to complete the sale and repeatedly tried to get a deed. The bank cooperated in these efforts, but Mrs. Merritt, who was not a party to the contract of sale, refused to join in the deed. On April 30, 1948, the bank procured its judgment and the master commissioner sold the property as directed therein. At the latter sale, the bank was the purchaser of the apartment building for $16,600. The appellant tendered to the bank the remaining 80% of the amount bid at the first sale and demanded a deed. Upon the bank's refusal, this suit followed.

■ There could be little doubt about appellant's right to require specific performance of the contract as against Merritt if title had not passed to the bank. The fact that Mrs. Merritt had not signed the contract of sale would not have defeated his right to enforce the agreement against Merritt alone by reducing the purchase price by the value of the wife's inchoate dower and requiring a deed from the husband. City of Murray v. Holcomb, 243 Ky. 287, 47 S.W.2d 1026.

■■ Neither could there be any serious question about the right of appellant to enforce the contract against an ordinary purchaser at a private sale who purchased with knowledge of appellant's prior agreement. It is a firmly established principle in this and most other jurisdictions that specific performance may be decreed against a purchaser of land who acquires title with notice of the fact that his grantor has agreed to sell to another. The theory upon which the doctrine rests is that from the time of the contract for the sale of the land the vendor, as to the land, becomes a trustee for the vendee, and the vendee, as to the purchase money, a trustee for the vendor who has a lien upon the land therefor, and a subsequent purchaser with notice acquires title subject to the same equities as the party from whom he purchased. Domestic cases in which the rule has been recognized are: Speiss v. Martin, 192 Ky. 211, 232 S.W. 615; Asher v. Roberts, 206 Ky. 186, 266 S.W. 1089; and Carr v. Melone, 227 Ky. 719, 13 S.W.2d 1031.

■ All of the cases to which we have referred involved private sales in which the rights of a mortgagee or purchaser at a judicial sale were not involved. There is a valid reason for drawing a distinction between a private purchaser and one whose title is acquired at a judicial sale conducted in a foreclosure proceeding. In the latter case, the purchaser takes the title of the mortgagor as of the time when the mortgage lien was created, which in this case precedes the date of appellant's contract of sale. 37 Am.Jur., Section 747, Page 168, Mortgages. But for the fact that the bank specifically agreed to the sale and the release of its lien in the event a certain price was realized, we would have no trouble in concluding that its title was acquired free from the rights of appellant under his contract.

■ However, the bank is not in the position of an ordinary mortgagee or purchaser at a foreclosure sale. In addition

to its knowledge of the prior sale to appellant, it was a participant in the arrangements preceding the sale to the extent that it agreed that it would surrender its lien if the property brought as much as $12,000. Under these circumstances, we do not think the bank can rely upon the fact that its mortgage is superior to appellant's right to enforce his contract. The bank acquired the property subject to all of the rights of appellant under his agreement.

The judgment is reversed for the entry of one consistent with this opinion.