**Vernon V. RICE, Appellant,**

v.

**R. W. MERRITT et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1957.

Rehearing Denied March 21, 1958.

Shumate & Shumate, Irvine, J. Smith Hays, Jr., Winchester, for appellant.

Stephen T. Davis, H. T. Lisle, M. A. Rowady, Redwine & Redwine, Winchester, for appellees.

STANLEY, Commissioner.

In Rice v. Merritt, Ky., 274 S.W.2d 378, we reversed a judgment which dismissed a suit for specific performance of a contract to convey a certain apartment house in Winchester. The unusual conditions are fully related in the opinion. It seems sufficient to repeat that the Winchester bank, the plaintiff in a mortgage foreclosure suit against R. W. Merritt, had purchased the property at judicial sale and received a deed from the court on October 1, 1948. Rice had bought the same property on April 10, 1948, at a private sale held pursuant to an agreement of the bank and Merritt. Merritt's wife refused to sign the deed to Rice.

He filed suit on January 17, 1949, against the bank and Merritt for specific performance of his contract of purchase.

On October 21, 1949, Rice had recorded a lis pendens notice of his suit which complied strictly with the terms of KRS 382.-440. On March 14, 1950, while the suit was pending, the bank sold and conveyed the property to Frank M. Lockridge and he in turn, on April 29, 1950, sold and conveyed it to Ira and Gertrude Braswell. The judgment dismissing Rice's suit for specific performance was entered on October 10, 1953. At that time, as indicated, title was in the Braswells. Our opinion reversing that judgment was rendered in May, 1954. The foregoing intermediate transfers were not revealed in the record.

Upon the return of the case Lockridge and the Braswells were made parties. They, the Winchester Bank and Merritt filed pleadings in which they respectively asserted that specific performance should not and could not be decreed because of the changed conditions and that Rice should be relegated to a recovery of damages for loss of the bargain. Various claims to other relief and, alternatively, for an accounting were also pleaded. Rice insisted on a decree of specific performance as of the date of his purchase of the property and for a judgment for the amount of rentals which had been collected from that date by the other parties.

The trial court adjudged specific performance and directed the Braswells to execute a deed conveying the property to Rice as of January 1, 1957, the date being but a few days beyond the date the judgment was rendered, instead of retroactively to the time of the contract of purchase. The court made an accounting among all the parties, which is, in general, based upon an adjustment in payments of the balances of principal and the allowances of six per cent interest pro and con. None of the parties are satisfied with the judgment. Rice appeals and all the other parties, except Lockridge, cross-appeal.

The appellant, Rice, is, of course, satisfied with the judgment of specific performance. But he contends, in substance and effect, that it should have been decreed as of the date of his contract of purchase of the property in April, 1948, and that he should be awarded judgment for all the rentals collected during the ensuing period of nearly nine years instead of being awarded interest on his investment, less the payment of the balance of the purchase price, $9,760, plus interest thereon. He contends further that he should not be charged with any sum as the enhancement in value by improvements placed upon the property by the Braswells.

The Winchester Bank insists the entire judgment is wrong, and Merritt contends that no judgment should have been rendered against him.

The Braswells contend specific performance should not have been decreed since they were innocent, bona fide purchasers of the property; but, in the alternative, they should be awarded interest on the sum they paid for the property from the date of its purchase. They also contend they should have $8,000 for the cost of improving the property instead of $3,000 awarded by the judgment. There seems to be no controversy between the Braswells and the bank over the accounting as between themselves should the judgment be affirmed.

We first consider the decree of specific performance instead of a judgment for damages for loss of bargain.

■■■ All of these parties defendant participated at their peril in the several intermediate conveyances of the property pending the litigation. The lis pendens notice gave them warning that they would take conveyance of the legal title from the bank subject to Rice's equitable estate should he be successful in establishing it. Speiss v. Martin, 192 Ky. 211, 232 S.W. 615; Asher v. Roberts, 206 Ky. 186, 266 S. W. 1089. The change in the conditions after Rice's rights accrued were brought about by the parties with their eyes open.

They stand in no better position than does their vendor, the Winchester Bank.

■■ In connection with this point of specific performance instead of a judgment for loss of bargain as well as in connection with Rice's insistance upon rentals instead of interest, it may be observed that the aim of the court in adjudging specific performance is to grant such relief as will best accomplish the ends of justice in the whole case. To these ends the court may adapt its relief to the state of fact existing at the time of the entry of the final decree. 81 C.J.S. Specific Performance § 157.

■ Generally the character and extent of the judgment rest largely within the discretion of the court. Roberts v. Babb, 282 Ky. 151, 137 S.W.2d 1112; Calhoun v. Everman, Ky., 242 S.W.2d 100. It seems to us that the basis and extent of the judgment are appropriate and equitable under all the circumstances. The award to the Braswells of $3,000 for enhancement in value of the property is authorized by KRS 381.460. The amount of the judgment rests upon a finding of fact upon conflicting evidence concerning the character of the improvements and the expenditures therefor. We do not regard the finding as being clearly erroneous and therefore cannot set aside the judgment on that account. CR 52.01.

We have fully considered the arguments in relation to the computations and bases therefor and find no fault with the allowances. If prima facie there is any duplication (e. g. in holding both the bank and Merritt liable to Rice for interest on $2,440, the amount of cash deposit he made on the purchase of the property) the duplication will, of course, be cleared up in the actual and final settlement of this unfortunate litigation which has ensued from the refusal of Merritt's wife to join in his conveyance to Rice. She was deprived of her inchoate right of dower a few days later by force of the judicial sale and conveyance.

On the whole case we are of opinion that the judgment should be and it is affirmed on the original and the several cross-appeals.

Judgment affirmed.