**William J. JEFFERY, Plaintiff,**

v.

**Carl D. EPSTEIN et al., Defendants.**

**No. 67 Civ. 2134.**

United States District Court,
S. D. New York,
Civil Division.

Nov. 16, 1973.

Schwartz, Kaufman & Sklaver, New York City, by Harvey M. Sklaver, New York City, of counsel, for plaintiff.

Shorenstein & Shorenstein, New York City, by Maurice Shorenstein, New York City, of counsel, for defendants.

## OPINION

WHITMAN KNAPP, District Judge.

The Court makes the following findings of fact. The parties have entered into an oral agreement for the purchase of land situated in Florida. At the time negotiations were begun in earnest, defendants Epstein and Cantor insisted that plaintiff deposit $20,000 with them if they were to take the land off the market. Plaintiff acceded to this de-

mand. He later decided not to complete the purchase and demanded return of his deposit. The only question remaining is whether he is entitled to recover the money paid. The Court finds that he is not.

■ Both parties agree that, under the law of both Florida and New York, an oral contract for the sale of realty is unenforceable. Florida Statutes § 725.-01 F.S.A.; New York Gen.Obl.Law § 5–703, McKinney's Consol.Laws, c. 476. However, it is equally true that, in both states, if a purchaser pays a portion of the price and then refuses to complete the contract, the seller being ready, willing and able to deliver title, the buyer cannot recover the amount he has paid. Mayer v. First Nat. Co. of Sarasota, 1930, 99 Fla. 173, 125 So. 909; Keystone Hardware Corp. v. Tague, 1927, 246 N. Y. 79, 158 N.E. 27. See also 169 A.L.R. 187.

As the Supreme Court of Florida stated in Realty Securities Corp. v. Johnson, 1927, 93 Fla. 46, 111 So. 532,

"[n]o rule in respect to the contract is better settled than this: that the party who has advanced money, or done an act in part—performance of the agreement, and then stops and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done." 111 So. at 536.

■ Plaintiff has urged that the Court exercise its discretion to permit recovery in equity on the theory that to do otherwise would "shock the conscience of the Court" and result in unjust enrichment of the defendant. Suffice it to say that, in the instant case, the Court's conscience is not shocked and it therefore declines to exercise its discretion to deviate from the normal rule.

■ Defendant has urged that costs, including reasonable attorney's fees, be imposed upon the plaintiff on the

ground that he engaged in a "willful fraud . . . in invoking the jurisdiction of this district." The Court is of the opinion that there is insufficient evidence to support a finding of willful fraud and, therefore, declines to impose punitive costs upon the plaintiff, Jeffery.